UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――x
FRANCISCO FERIA,                        :
                                        :     **OPINION AND ORDER**
　　　　　Petitioner,                    :
                                        :     11-cv-6653 (ER)
　　v.                                   :
                                        :
ROLAND LARKIN, Superintendent,          :
                                        :
　　　　　Respondent.                    :
―――――――――――――――――――――x

RAMOS, D.J.:

　　Francisco Feria (the "Petitioner"), an incarcerated *pro se* litigant, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 20, 2011. Doc. 1. On October 13, 2011, the Honorable Loretta A. Preska directed Petitioner to file an Affirmation of Timeliness showing cause as to why his Petition should not be dismissed as time-barred. Doc. 4. Petitioner's Affirmation of Timeliness ("Affirmation"), signed and dated December 6, 2011, was filed with the Court on December 12, 2011. Doc. 6. On December 19, 2011, the case was reassigned to this Court, and on January 19, 2012, it was referred to the Honorable Lisa Margaret Smith, United States Magistrate Judge.

　　On April 13, 2012, Respondent filed a Motion to Dismiss the instant Petition on the grounds that the Petition is time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and that Petitioner did not demonstrate entitlement to equitable tolling. Docs. 15, 18. On May 14, 2012, Petitioner filed his opposition to the Motion to Dismiss. Doc. 22.

　　On July 20, 2012, Judge Smith issued her Report and Recommendation (the "Report"), finding that Petitioner's relative youth at the time of the offense did not entitle him to equitable

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/13/2013


Copies Mailed/~~Faxed~~ to Plaintiff
Chambers of Edgardo Ramos
2/13/2013

tolling and recommending that the Petition be dismissed as untimely.[1]  Before the Court is Petitioner's Objection, dated January 31, 2013, to the Report.  Doc. 29.  Familiarity with the prior proceedings, the Report, and the issues presented is presumed.

### I. Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy."  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).  A district court reviews de novo those portions of the report and recommendation to which timely and specific objections are made.  28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir.1997).  The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record.  *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).  The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition."  *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

The objections of *pro se* parties are "generally accorded leniency" and should be construed to "raise the strongest arguments that they suggest."  *Milano v. Astrue*, No. 05 Civ. 6527 (KMW) (DCF), 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (citations and internal quotation marks omitted), *aff'd*, 382 F. App'x 4 (2d Cir. 2010).  However, "even a *pro se* party's

---

[1] Judge Smith's Report and Recommendation was not filed on ECF until August 6, 2012.  Doc. 25.  However, Petitioner acknowledges that he received the Report on July 26, 2012.  *See* Doc. 26.

objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (citation and internal quotation marks omitted), *aff'd*, 367 F. App'x 210 (2d Cir. 2010).

## II. Petitioner's Objections

The AEDPA provides for a one-year statute of limitations period running from the date on which the Petitioner's conviction became final. 28 U.S.C. § 2244(d)(1)(A). Feria's conviction became final on July 11, 2007, the last day Petitioner could have timely filed a notice of appeal. Report at 6. Therefore, the one-year limitations period for filing the instant Petition ran on July 11, 2008 under the AEDPA. *Id.* Accordingly, Magistrate Smith recommended that the Petition be dismissed because Petitioner filed his petition more than one year after his conviction became final, and because Petitioner failed to establish entitlement to equitable tolling.

Petitioner objects to the finding that he is not entitled to equitable tolling on the grounds that his youth and emotional and intellectual maturity at the time of his conviction prevented him from understanding his rights and the complexities of the judicial system. Obj. at 2-3. Petitioner also appears to object to the Report's rejection of his ineffective assistance of counsel argument. Obj. at 2. Petitioner first raised this argument in his Affirmation when he asserted that his counsel "coerced" him to waive his right to appeal and that until 2010, he was not aware that the court did not give him the sentence he was originally promised. Report at 8.

3

To establish an entitlement to equitable tolling, a petitioner must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), *reh'g denied*, 545 U.S. 1135.

### a. Objection based upon Petitioner's youth at the time of the offense

Petitioner claims that his untimeliness should be excused on the grounds that he was sixteen years old at the time of the offense, and that his "lack of knowledge of the judicial system" should apply as an "'extraordinary circumstance[]' . . . beyond his control." Obj. at 2-3. Although Petitioner was sixteen at the time of the offense, the record indicates that he reached the age of majority more than three months before his time to file a federal habeas petition expired on July 11, 2008, and two and a half years before he filed his post-conviction motion on October 19, 2010.[2]  Moreover, Petitioner did not file the instant Petition until September 14, 2011, more than three years after he had reached majority.  Report at 6.  Petitioner does not provide an explanation as to why he waited to file the Petition.  Accordingly, Petitioner's objection is rejected.  *Minnifield v. Gomez*, 132 F. App'x 931, 933-34 (2d Cir. 2005) (holding that petitioner was not entitled to equitable tolling where he reached majority three months before his time to file a habeas petition expired and nearly a year before he filed his state habeas petition), *cert. denied*, 546 U.S. 982; *see also Pizarro v. New York*, No. 07 Civ. 2845 (RJD), 2007 WL 4242964, at *1 (E.D.N.Y. Nov. 29, 2007) (holding that petitioner, who was sixteen at the time of conviction, was not entitled to equitable tolling where he reached majority before the expiration of the one-year limitations period but waited four years before filing his petition). Further, it is well settled that ignorance or misunderstanding of the law, without more, does not qualify as an "extraordinary circumstance" warranting equitable tolling, and Petitioner's

---

[2] Although Petitioner's date of birth is not apparent from the Affirmation or the Objection, the record indicates that Petitioner was born on March 30, 1990.  Doc. 19, Ex. A at 5.

4

objection on that basis is similarly rejected.  *Lewis v. Walsh*, No. 03 Civ. 1932 (DC), 2003 WL 21729840, at *2 (S.D.N.Y. July 25, 2003), *motion to vacate denied*, No. 03 Civ. 1932 (DC), 2012 WL 5207538 (S.D.N.Y. Oct. 16, 2012).

Petitioner also appears to argue that he is entitled to equitable tolling because his "emotional and intellectual age" was even lower than his chronological age "because it was not fully developed."  Obj. at 2; *see also Lebron v. State*, 982 So.2d 649, 660 (Fla. 2008) (holding that, although age alone may not be a mitigating factor in a capital sentencing proceeding in Florida, where evidence exists that a defendant's "mental, emotional, or intellectual age was lower than his [or her] chronological age," a finding of age as mitigation may be appropriate) (citation omitted).  Petitioner's argument in this regard is completely unsupported.  First, Petitioner has offered no evidence demonstrating that he functions at a mental, emotional or intellectual level below his chronological age.  Even assuming *arguendo* that Petitioner does function at a level below his chronological age, he has failed to present any evidence that his level of functioning impacted his ability to timely file a petition.  Moreover, Petitioner does not specify what condition causes him to function at a level below his chronological age.  To the extent that he asserts that he suffers from a mental disability or illness, the Court notes that in order to demonstrate the appropriateness of equitable tolling for mental illness, a petitioner must offer a "particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights." *Rios v. Mazzuca*, 78 F. App'x 742, 744 (2d Cir. 2003) (internal quotation marks omitted) (quoting *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)).  Petitioner has produced no documentation demonstrating that his mental, emotional or intellectual functioning precluded him from timely filing a habeas petition.  Accordingly, Petitioner's objection is rejected.

### b. Objection based upon ineffective assistance of counsel

Petitioner appears to object generally to Magistrate Smith's findings with respect to Petitioner's ineffective assistance of counsel argument. Plaintiff's objection is raised in an effort to reiterate his earlier arguments, which were considered and rejected by Magistrate Smith, who specifically found that the record of the state court proceeding does not support his contention that he was unaware of the sentence that was imposed. Report at 9. Moreover, Petitioner's objection is presented in a conclusory fashion, simply reflecting his disagreement with Magistrate Smith's findings. Accordingly, this Court reviews the Report for clear error. *Pinkney*, 2008 WL 2811816, at *1. The Court finds none, and notes that the Petitioner's submissions do not sufficiently allege that Petitioner's attorney's behavior was "so outrageous or so incompetent as to render it extraordinary." *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003).

### III. Conclusion

Accordingly, having reviewed the Petitioner's and the Respondent's papers, as well as all of the other documents on file in this matter, the Court ADOPTS Judge Smith's Report and Recommendation. The Petition is hereby DISMISSED.

The Court further concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly a certificate of appealability is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to terminate the motions (Docs. 15, 18) and close this case.

It is SO ORDERED.

Dated: February 13, 2013
      White Plains, New York

                                                  Edgardo Ramos, U.S.D.J.